IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| AROLDO HUMBERTO CADRIEL | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1024 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Aroldo Cadriel, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cadriel was ordered to pay the statutory filing fee of $400.00 or to submit an application for leave to proceed *in forma pauperis* which was accompanied by a certified inmate trust account data sheet from an authorized official of the prison, as required by 28 U.S.C. §1915(a)(2). He filed the application for leave to proceed *in forma pauperis* but did not furnish the inmate trust account data sheet.

Instead, Cadriel stated that he filed his application for leave to proceed *in forma pauperis* on July 13, 2016, and nothing was said about having certified or notarized. He asserted that all other paperwork in the case had been sent to U.S. Attorney General Loretta Lynch. Cadriel also claimed that his lawsuit was part of a larger one and Steven Green, the prisoner who filed the original case, had told all of the other inmates that the lawsuit was a class action for which Green had already paid the filing fee and no one else would have to pay anything.

1

The docket shows Cadriel was specifically ordered to pay the filing fee or furnish an inmate trust account data sheet and did not comply. His lawsuit is not part of any other case, and Green's lawsuit - which has since been dismissed - was not certified as a class action.

After review of the record, the Magistrate Judge issued a Report recommending Cadriel's lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Cadriel received a copy of this Report but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So ORDERED and SIGNED this 18th day of April, 2017.**

_____
Ron Clark, United States District Judge